(C.D. 3082)

S. HILLER & Co. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 14, 1967)

*Siegel, Mandell & Davidson* (*David Serko* and *Allan H. Kamnitz* of counsel) for the plaintiffs.
*Carl Eardley,* Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: In a determination of the protests enumerated in the schedule attached to and made part of this decision, a result will be more readily reached by setting forth *in toto* a stipulation of facts upon which the parties have agreed. It reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States:

1. That the items marked "A" and checked L. K. (Examiner's initials) by Examiner Louis Kneapler (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 30 per centum ad valorem under the provisions of paragraph 371, Tariff Act of 1930, consist of cycle horns similar in all material respects to the merchandise the subject of *G. Joannou Cycle Co., Inc.* v. *United States,* C.D. 2253, wherein the merchandise was held dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified.

2. That the merchandise herein contains as an essential feature an electrical element or device and is wholly or in chief value of metal.

3. That the issues in the cases be limited to whether said merchandise is:

(a)   properly dutiable at 10½ per centum ad valorem, as electrical signalling apparatus, instruments, or devices and parts, wholly or in chief value of metal, within paragraph 353, as modified by T.D. 54108 or in the alternative, based upon the facts set forth in paragraphs (1) and (2) is

(b)   properly dutiable at 13¾ per centum ad valorem within paragraph 353, as determined in the *Joannou* case, *supra*.

4.   That the record in C.D. 2253 be incorporated and made a part of the record in the protests enumerated on the schedule attached hereto and made a part hereof and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid.

5.   That the plaintiffs be given 60 days from the date that this stipulation is ordered filed, to file a brief and the defendant be given 60 days thereafter in which to reply.

In due time plaintiff filed a brief herein. In the course thereof, principal reliance was placed on the argument that granted said cycle horns have been held in the incorporated case of *G. Joannou Cycle Co., Inc.*, *supra*, to be parts of articles having as an essential feature an electrical element or device, not specially provided for, in paragraph 353, Tariff Act of 1930, as modified, they are more specifically provided for as signaling devices or parts thereof in the second subdivision of said paragraph 353.

On the basis that common meaning controls the classification of merchandise for customs duty purposes, absent proof of commercial designation to the contrary, reference to lexicographic authorities discloses the following definitions of "signal" and "electric horn." Webster's New International Dictionary, second edition, 1958—

electric horn: A device for producing sound signals, consisting of a diaphragm which is vibrated by an electric motor or a simple electromagnet, and an enclosing funnel which directs the sound resulting from the vibrations of the diaphragm.

signal n. * * * 4a.   A sign made to give notice of something, as of a command or danger; as, a *signal* to fire. * * *

signal, adj. * * * 3.   Employed or used in signalling; * * *

signal v.   1.   To communicate by signals; * * * 2.   To notify by a signal or signals; * * *.

Funk & Wagnalls New Standard Dictionary of the English Language, 1956:

signal, v. * * * 2.   To communicate by means of signals; loosely, to serve as a sign of; as, to *signal* the arrival of a ship; to *signal* danger.

signal n.   1.   A sign agreed upon, understood, or designed to be understood, and used to convey information, especially at a distance; a

means of communication by audible or visible signs, generally adopted according to a preconcerted system; often given by displaying a flag by day or a light by night, or by sounding a bugle or horn, * * *.

It appears from the foregoing definitions that a horn is a device to give notice, warning, or information by an audible sign, as an indication of an event or of danger. In our view, said definitions aptly relate to the articles at bar which were described in detail in the incorporated *Joannou* case. And viewed in the light of relative specificity for tariff classification purposes, we are of the opinion that the provision for electrical signaling apparatus in paragraph 353 is more specific than the provision in said paragraph for articles having as an essential feature an electrical element or device, inasmuch as the former provision more closely describes the article in controversy. *United States* v. *Electrolux Corp.*, 46 CCPA 143, C.A.D. 718.

This is the first time the issue at bar has been presented for consideration. In the *Joannou* case, *supra*, which provides the factual basis for the present determination, cycle horns similar in all material respects to those presently in issue were classified as parts of bicycles in paragraph 371 of the basic Tariff Act of 1930. As to the claim of plaintiff in said *Joannou* case, the court there stated—

As noted above, the protest herein states plaintiff's claim in broad terms that the merchandise should "properly be dutiable at 13¾ percent under Par. 353 as modified." The claimed rate of duty is applicable by modifications contained in the Torquay protocol, *supra*, to "Articles having as an essential feature an electrical element or device" and to parts thereof. It is clear from the evidence that the horns in their completed form have as an essential feature an electrical element, namely, a battery to which is attached by wire a pushbutton and buzzer by means of which the horn is made to function.

With the adoption of the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, the rate of duty applicable to articles having as an essential feature an electrical element or device and parts thereof, other than on a very limited number of specific enumerations, was not modified. However, the rate of duty applicable to electrical signaling apparatus was reduced by said sixth protocol to 10½ per centum ad valorem as regards importations of such merchandise on and after June 30, 1958. It is evidently for that reason that the court is now called upon for a further refinement of the dutiable classification of cycle horns of the kind presently under consideration.

As stated above, we are of the opinion predicated upon the facts of record and upon the common meaning of the term "electrical signaling devices" that the cycle horns at bar are properly subject to classification within the second subdivision of paragraph 353 of the Tariff

Act of 1930 which covers electrical signaling apparatus, instruments, and devices, and parts thereof, for which duty at the rate of 10½ per centum ad valorem has been provided by virtue of the sixth protocol, *supra*.

Notice is taken of the fact that the defendant, although granted time for filing a brief in this case, requested to be relieved therefrom on the basis that it considers the claim of plaintiff to be a valid one.

On the record presented, a review of the cases cited by the parties, and for the reasons above stated, the claim of plaintiff for classification of the instant cycle horns as electrical signaling devices, or parts thereof, in paragraph 353 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, for which duty at the rate of 10½ per centum ad valorem is provided, is sustained.

Judgment will be entered accordingly.