(C.D. 3285)

SEEDMAN INTERNATIONAL CORP.
STELBER CYCLE CORP.
} *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 13, 1968)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in these cases, consolidated at the trial, consists of inner tubes of various sizes, imported from Holland and West Germany and entered at the port of New York on various dates in 1962. They were designated on the invoices and entries as bicycle tubes and were assessed with duty at 30 per centum ad valorem under paragraph 371 of the Tariff Act of 1930, as parts of bicycles. Plaintiffs claim that they are not dedicated to use as bicycle tubes, but are dutiable at 15 per centum ad valorem under paragraph 216 of said tariff act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as articles in part of carbon, or at 8½ per centum ad valorem under paragraph 1558 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as synthetic rubber articles.

The pertinent provisions of the tariff act are as follows:
Paragraph 371:

Bicycles, and parts thereof, * * * 30 per centum ad valorem * * *.

Paragraph 216, as modified by T.D. 51802:

Articles or wares composed wholly or in part of carbon
   or graphite, wholly or partly manufactured, not
   specially provided for_____ 15% ad val.

Paragraph 1558, as modified by T.D. 54108:

All articles manufactured, in whole or in part, not
   specially provided for:
     Synthetic rubber and synthetic rubber articles:
      * * * _____ 8½% ad val.

Two inner tubes were received in evidence at the trial and marked collective exhibit 1. It was stipulated that they were representative of the imported merchandise and that they were composed of synthetic rubber of the butyl type and contained over 20 percent free carbon by weight.

These cases were submitted on a written stipulation of counsel (exhibit 2) and various exhibits. The pertinent stipulated facts are as follows: The tubes involved herein are standard bicycle tubes having a normal life expectancy of at least 1 year. Such tubes are commercially used as original factory equipment and replacement parts for

bicycles, ice cream pushcycles, platform delivery tricycles, cabinet delivery tricycles, motorized bicycles, unicycles, adult tricycles, two-wheeled kits which convert a bicycle into a tricycle, bicycle side cars, sulkies, pushcarts, bike buggies, and lawnmowers. In 1962–63, approximately 42 million tubes were used as original equipment and replacement parts for bicycles and approximately 100,000 tubes were used for the other purposes mentioned. Ice cream pushcycles, platform delivery tricycles, and cabinet delivery tricycles have been manufactured in this country since prior to 1930 and adult tricycles and adapter kits have been commercially sold here since 1960. Advertising brochures depicting vehicles and articles which use tubes such as collective exhibit 1 were received in evidence as exhibits 3 through 7.

In *F. A. Baker Co.* v. *United States*, 17 Cust. Ct. 41, C.D. 1017, it was held that inner tubes used in conjunction with bicycles were parts of bicycles without which the latter would be incomplete and incapable of performing the function for which they were designed. They were, therefore, classified under paragraph 371, *supra*, as parts of bicycles.

However, the stipulated facts in the instant case indicate that a substantial percentage of the inner tubes at bar are used with other articles than bicycles. It is claimed by plaintiffs and conceded by the Government that they have recognized commercial uses as parts of other articles in addition to bicycles and are, therefore, not classifiable as parts of bicycles under paragraph 371, *supra*, under the rationale of *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831. We so hold.

Automobile tires in chief value of natural rubber and synthetic rubber combined, containing not over 6.5 percent carbon, have been classified as automobile tires in chief value of rubber under paragraph 1537(b) of the Tariff Act of 1930, as modified (*A. N. Deringer, Inc.* v. *United States*, 38 Cust. Ct. 327, C.D. 1882), and articles in chief value of synthetic rubber have been classified under paragraph 1558, as modified, as synthetic rubber articles (*United States* v. *Weather-Rite Sportswear Co., Inc.*, 52 CCPA 7, C.A.D. 848).

In the instant case, it has not been stipulated or shown that these inner tubes are in chief value of synthetic rubber but it has been agreed that they are in substantial part of carbon (20 percent by weight). We hold, therefore, that these tubes are properly dutiable at 15 per centum ad valorem under paragraph 216 of the Tariff Act of 1930, as modified, as articles in part of carbon. To that extent, the protests are sustained. As to all other claims, they are overruled. Judgment will be entered accordingly.