**No. P69/66.**—Sumitomo Shoji N.Y., Inc. *v.* United States, protests 60/4233, 60/20159, and 60/22270 (Los Angeles).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of horns similar in all material respects to those the subject of *S. Hiller & Co. et al.* v. *United States* (59 Cust. Ct. 79, C.D. 3082), the claim of the plaintiffs was sustained.

**No. P69/67.**—Fedtro, Inc., et al. *v.* United States, protests 67/55516, etc. (New York).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of oilcan spouts similar in all material respects to those the subject of *Hollywood Accessories, Division of Allen Electronics & Equip. Co.* v. *United States* (60 Cust. Ct. 360, C.D. 3391), the claim of the plaintiffs was sustained.

**No. P69/68.**—J. E. Bernard & Co., Inc. *v.* United States, protest 66/47336–1557 (Chicago).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of pistol grips, which are chiefly used as parts of motion picture cameras, similar in all material respects to those the subject of *J. E. Bernard & Co., Inc.* v. *United States* (57 Cust. Ct. 143, C.D. 2744), the claim of the plaintiff was sustained.

**No. P69/69.**—Stelber Cycle Corp. et al. *v.* United States, protests 306558–K, etc. (New York).

**No. P69/70.**—Stelber Cycle Corp. *v.* United States, protests 61/20253, etc. (New York).

**No. P69/71.**—Borneo Sumatra Trading Co., Inc., et al. *v.* United States, protests 61/23728, etc. (New York).

NEWMAN, J. In accordance with stipulation of counsel that the items of merchandise marked "A", covered by the foregoing protests, consist of inner tubes similar in all material respects to those the subject of *Seedman International Corp. et al.* v. *United States* (60 Cust. Ct. 127, C.D. 3285); that the items of merchandise marked "B" consist of rim strips or rim tapes or rim bands or flaps; that said

merchandise is composed of synthetic rubber of the butyl type and contains over 20 percent free carbon by weight; and that said merchandise is not dedicated to use with bicycles, but is commercially used as parts of other articles such as delivery tricycles, motorized bicycles, adult tricycles, and other three-wheeled vehicles, the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, MARCH 13, 1969

**No. P69/72.**—Lipman's *v.* United States, protest 62/15234 (New York).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of aerators in chief value of brass similar in all material respects to those the subject of *Globe Importing Company* v. *United States* (47 Cust. Ct. 248, Abstract 65882), the claim of the plaintiff was sustained.

**No. P69/73.**—Stelber Cycle Corp. et al. *v.* United States, protests 62/1508, etc. (New York).

NEWMAN, J. In accordance with stipulation of counsel that the items of merchandise marked "A", covered by the foregoing protests, consist of inner tubes similar in all material respects to those the subject of *Seedman International Corp. et al.* v. *United States* (60 Cust. Ct. 127, C.D. 3285) ; that the items of merchandise marked "B" consist of rim strips or rim tapes or rim bands or flaps; that said merchandise is composed of synthetic rubber of the butyl type and contains over 20 percent free carbon by weight; and that said merchandise is not dedicated to use with bicycles, but is commercially used as parts of other articles such as delivery tricycles, motorized bicycles, adult tricycles, and other three-wheeled vehicles, the claim of the plaintiffs was sustained.

**No. P69/74.**—Arnold Schwinn & Co. *v.* United States, protest 60/7464–11258 (Chicago).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of electric horns similar in all material respects to those the subject of *S. Hiller & Co. et al.* v. *United States* (59 Cust. Ct. 79, C.D. 3082), the claim of the plaintiff was sustained.