No. P69/113.—Heads & Threads v. United States, protests 66/6000–15242, etc. (Chicago).

NEWMAN, J. In accordance with submission on agreed statement of facts that the merchandise covered by the foregoing protests consists of bolts similar in all material respects to those the subject of *Heads and Threads, Division of MSL Industries, Inc.* v. *United States* (60 Cust. Ct. 308, C.D. 3374), the claim of the plaintiff was sustained.

No. P69/114.—Chain Bike Corp. v. United States, protests 64/22112, etc. (New York).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of inner tubes similar in all material respects to those the subject of *Seedman International Corp. et al.* v. *United States* (60 Cust. Ct. 127, C.D. 3285), the claim of the plaintiff was sustained.

No. P69/115.—Stelber Cycle Corp. v. United States, protest 66/5213 (New York).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of inner tubes similar in all material respects to those the subject of *Seedman International Corp. et al.* v. *United States* (60 Cust. Ct. 127, C.D. 3285), the claim of the plaintiff was sustained.

No. P69/116.—Lipman's v. United States, protest 68/1288 (New York).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of "Duo Basket" strainers consisting of a strainer-stopper and base similar in all material respects to the merchandise the subject of *Hancock Gross Mfg., Inc.* v. *United States* (60 Cust. Ct. 558, C.D. 3459), wherein said merchandise was held to be separately dutiable and that no separate value for each was returned by the customs official, the protest was dismissed and the matter remanded to a single judge sitting in reappraisement to determine the separate dutiable values of the strainer-stoppers and the bases in the manner provided by law (28 U.S.C., section 2636(d)).