(C.D. 4514)

NICHIMEN CO., INC. *v.* UNITED STATES

Court No. 67/50788

(Decided April 16, 1974)

*Glad, Tuttle & White* (*John McDougall,* and *George R. Tuttle* of counsel) for the plaintiff.

*Carla A. Hills, Assistant Attorney General (Joseph I. Liebman,* trial attorney), for the defendant.

WATSON, Judge: This case involves merchandise which is both literally and figuratively on the borderline of the claimed provision for "golf equipment." The merchandise consists of netting specially cut to size for use on certain golf driving ranges, either to guard against injury to persons or property in adjacent areas or to contain the flight of the golf ball.

The imported merchandise was classified as net articles not specially provided for pursuant to item 386.05 of the TSUS and assessed with duty at the rate of 50 per centum ad valorem. Plantiff claims classification as other golf equipment provided for in item 734.77 of the TSUS dutiable at the lesser handicap of 15 per centum ad valorem.

The parties have defined the issues in two stages: first, whether the class to which the imported merchandise belongs is chiefly used in connection with the sport of golf, and second, whether such use is as "golf equipment" within the meaning of that statutory term.

Since the evidence clearly establishes that the imported merchandise was cut to size for specific golf installations prior to importation, it seems to me that insofar as use is concerned, it is dedicated for use in connection with particular golf driving ranges and is unsuitable for other uses without complete modification. It therefore is unnecessary to speak of chief use when the actual use is shown to be the only possible use. CF. *International Distributors, Inc.* v. *United States,* 57 Cust. Ct. 369, C.D. 2822 (1966); see also, *J. Gerber & Co., Inc.* v. *United States,* 65 Cust. Ct. 347, C.D. 4101 (1970).

In this case, the cutting and edging of the netting prior to importation with specific golfing locations in mind so that the netting is no longer capable of alternative uses in its condition as imported is an essential distinguishing factor. If the netting involved herein could be used in its condition as imported for other purposes, the ordinary burden of proving its chief use in connection with golf could not be avoided by plaintiff. It would then be plaintiff's burden to show the chief use of the class of article of which the importation is a member. *United States* v. *Colibri Lighters (U.S.A.) Inc.,* 67 CCPA 106, C.A.D. 739 (1960). However, the netting involved herein was removed from the class of netting prior to importation by being specially cut to size for certain golf installations and simultaneously rendered unfit for other uses without modification. In effect, the imported netting has been shown to be a custom-made article whose actual use is ipso facto its chief use. Stated differently, the imported netting forms its own class, whose actual use is then its chief use.

The foregoing reasoning serves only to overcome one objection to plaintiff's claim; namely, that it has failed to prove the chief use of the

class to which the importation belongs. A more serious objection remains even if we grant the use of the imported netting in connection with golf driving ranges. This objection relates to the meaning of the term "golf equipment."

Upon reflection and despite an awareness of the generally broad interpretation given to the term "equipment," I am of the opinion that the imported netting falls outside the scope of the provision for golf equipment. Quite simply, the role of the imported netting has an insufficient connection to the player's practice of the sport. In use it functions not so much as an aid to the player but as a means of protecting persons and property outside the playing area. In this respect it differs dramatically from those articles which, although not indispensable to play, have a direct relation to the conduct of a game and are specially designed as such.

I have in mind the tennis gloves which were the subject of *American Astral Corporation* v. *United States*, 62 Cust. Ct. 563, C.D. 3827, 300 F. Supp. 658 (1969) and which the court decided were tennis equipment. The court stated as follows at page 571:

> * * * For the statutory designation of "equipment" is satisfied once it is shown that the article is specially designed for use in the game or sport. And in this connection * * * the imported articles are not normal gloves, but rather are gloves that have been specially designed for use in the game of tennis as an aid and protective device for the player.

Although the imported nets have been "specially designed" in a certain sense, the design intention relates to the exigencies of the location where the sport is to be played and not to their use by the player either to aid him or protect him. In other words, the nets have not been specially designed for *the use of the player*. As flexible as the term "equipment" has become, I still consider it essential that an article which is not indispensable to play be designed specially and primarily for the use of a player. If the article is not primarily designed for use by the player during the course of play, it is not "equipment" within the meaning of that statutory term. By this standard I distinguish articles which may be specially designed for use in connection with a sport but not primarily for the use of the players. Into this category of articles, such as those designed for the protection of spectators, I would place the imported nets. They are designed for use "at" the sport and not "in" the sport.

In sum, although the imported netting is specially designed for use at certain golf driving ranges, its use in such locations is not primarily to aid the players in the conduct of the sport of golf, and it is, therefore, not golf equipment. This being the case, plaintiff's protest must be overruled and the district director's classification sustained.

I note that plaintiff has failed to pursue the claim in its complaint relating to the existence of a uniform established practice concerning the merchandise at issue. I deem that claim to have been abandoned and accordingly dismiss it.

Judgment will enter accordingly.