The NEWMAN IMPORTING CO., INC.

v.

UNITED STATES.

C.D. 4648; Court No. 73–6–01414.

United States Customs Court.

April 26, 1976.

Glad, Tuttle & White, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D.C. (Steven P. Florsheim, New York City, trial atty.), for defendant.

WATSON, Judge:

Plaintiff seeks classification of its imported tents as sport equipment [1] instead of the classification assigned by the customs officials under a residual provision for articles of textile materials.[2] Plaintiff claims these tents are designed for use in the sport of backpacking. Defendant argues that backpacking is not a sport and, even assuming it is, these tents are not used in the sport in the sense in which sport equipment must be used. Defendant also argues that these tents are not of the quality used in "serious" backpacking and further that a legislative intent existed to exclude tents from classification as sport equipment.[3]

---

1. Item 735.20 of the Tariff Schedules of the United States, as modified by T.D. 68–9, providing for duty at the rate of 12% ad valorem.

2. Item 389.60 of the Tariff Schedules of the United States, as modified by T.D. 68–9, providing for duty in the amount of 25¢ per pound, plus 18% ad valorem.

3. This final argument relies on material from the Explanatory Notes to the Brussels Nomenclature (1955) and the Standard Industrial Clas-

Based on the testimony, I am persuaded that backpacking is a sport and that these tents are designed for use in the sport of backpacking so as to come within the meaning of the tariff term "sport equipment."

■ I have concluded from the evidence that backpacking is the activity of traveling on foot in relative wild areas and maintaining oneself with supplies and equipment carried on one's back. This activity falls within my understanding of the term "sport." It possesses to a meaningful degree the same attributes of healthy, challenging and skillful recreation which characterize such acknowledged sports as scuba diving, skiing, horseback riding and mountain climbing.

■ I reject the government's contention that a sport must involve competition either between individuals or against the natural elements; although I would say that the activity of backpacking involves sufficient subjection to the forces of nature to qualify as a competitive sport in the second sense of the government's contention. In any event the element of enjoyment or recreation arising from the development or practice of individual skills, different from those involved in routine daily activities, is a better indication of a sport than competitiveness. See, *Sports Industries, Inc. v. United States,* 65 Cust.Ct. 470, 474, C.D. 4125 (1970). See also, *David E. Porter v. United States,* 76 Cust.Ct., C.D. 4641 (1976). In short, the common meaning of the word "sport" is not limited to competitive activities, a fact which can be generally con-

firmed by reference to the dictionary definitions.

■ From the testimony it is clear that the use of a shelter is a necessary and regular part of the prudent practice of backpacking, and the normal method of obtaining shelter while backpacking is to carry and utilize a specially designed, lightweight portable tent.[4] At this point I note specifically that the use of a tent for shelter is part of the sport of backpacking, which encompasses not only the act of walking with a pack on the back but all the activities associated with the maintenance of the individual while away from "civilization." In this respect tents would be equipment even under the stringent view of equipment formerly prevailing and exemplified in *Cruger's (Inc.) v. United States,* 12 Cust. Appls. 516, T.D. 40730 (1925), which held equipment to be limited to objects ordinarily required for the proper and efficient playing of a sport or protection from its hazards. It would therefore seem certain that under the modern view that sport equipment includes not only that which is "necessary" but also that which is specially designed for use in the sport, these tents are indeed sport equipment. See generally, *American Astral Corporation v. United States,* 62 Cust.Ct. 563, C.D. 3827, 300 F.Supp. 658 (1969).

That these tents were specially designed for use in backpacking is not in doubt as is made plain by the testimony as to their design and the emphasis placed on their lightness, compactness and ease of assembly.[5] Consequently, since backpacking is a

sification Manual (1957). Since I detect no ambiguity in the term "sport equipment" there is no need to look for clues to legislative intent. Furthermore, I have strong doubts as to whether the language of the Brussels Nomenclature (Appliances, Apparatus, Accessories and Requisites for * · * * Sports * * * ) or the SICM (Sporting · * * * Goods) is sufficiently similar to the term "sport equipment" to support any conclusions drawn from the former as to the scope of the latter.

4. On this essential point these tents are distinguished from the nets which were held not to be golf equipment in *Nichimen Co., Inc. v. United States,* 72 Cust.Ct. 130, C.D. 4514

(1974). The nets bordering the areas in which golfers practice their sport were not being used in the sport in anything approaching the sense in which these tents are used in backpacking.

5. Defendant's argument that these tents lack the quality to be used in "serious" backpacking was not supported by the evidence and was not persuasive. I see no indication that sport equipment must be of a quality required by the most demanding practitioners of a sport or that these tents are not of a sufficient quality to be used in the sport. *Cf. New York Merchandise Co., Inc. v. United States,* 62 Cust.Ct. 38, C.D. 3671, 294 F.Supp. 971 (1969).

sport and these tents are equipment specially designed and even necessary for use in the sport, they should have been classified for tariff purposes as sport equipment under item 735.20 of the TSUS, as modified.

Judgment will enter accordingly.