STANDARD SURPLUS SALES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 73–12–03398.

United States Court of International Trade.

Jan. 13, 1981.

Stein, Shostak, Shostak & O'Hara, Inc., Los Angeles, Cal. (John N. Politis, Los Angeles, Cal., of counsel), for plaintiff.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, New York City (Robert H. White, Trial Atty., New York City, of counsel), for defendant.

WATSON, Judge:

Plaintiff seeks classification as sports equipment[1] for certain imported bags which were classified as luggage[2] and for a shoulder pad which was classified as other cotton articles.[3]

At the conclusion of the trial the court granted judgment for the plaintiff.

The court found the testimony and exhibits offered on behalf of plaintiff distinctly more persuasive than the testimony and exhibits offered by defendant. Plaintiff's witnesses had long experience with backpacking and a familiarity with the design, use, and sale of backpack equipment which was national in scope and of extended duration. By contrast, defendant's witnesses were limited to more general personal observations made at a university book store, a college campus and Los Angeles International Airport, none of which amount to more than fragmentary familiarity with the subject and fugitive uses. In addition, examination of the exhibits show them to be markedly different from articles known as luggage, which are defined in the Tariff Schedules in Schedule 7, Part 1, Subpart D, headnote 2(a) as:

    (i) travel goods, such as trunks, hand trunks, lockers, valises, satchels, suitcases, wardrobe cases, overnight bags, pullman bags, gladstone bags, traveling bags, knapsacks, kitbags, haversacks, duffle bags, and like articles designed to contain clothing or other personal effects during travel.

    (ii) brief cases, portfolios, school bags, photographic equipment bags, golf bags, camera cases, binocular cases,

---

**1.** Item 735.20, dutiable at the rate of 10% ad valorem.

**2.** Item 706.24, dutiable at the rate of 20% ad valorem.

**3.** Item 386.50, dutiable at 14% ad valorem.

gun cases, occupational luggage cases (physicians, sample, etc.) and like containers and cases designed to be carried with the person, except handbags as defined herein.

None of the importations illustrated by plaintiff's first eleven exhibits are designed to, or would be convenient to, carry by hand. The first five exhibits[4] are specifically designed to be attached to a metal frame and it would be contrary to the weight of the evidence to consider them alone, or in conjunction with the frame, as pieces of luggage. The remaining articles are frameless smaller packs designed for the shoulders[5] a small pouch for attaching to the belt by loop or clip[6], a belted pouch which rests on the user's rear end[7] and a bag designed for the compressed storage and carrying of a sleeping bag.[8]

■ The court concludes that the chief use of these articles is in the sport of backpacking a use which is not the sort of "travel" for which the luggage provision of the Tariff Schedules was intended. Use of these packs is use of the essential instruments with which the sport is practiced.[9]

■ Although an illustrative example of the shoulder pad was not included the other evidence and testimony satisfied the Court that the pad was designed and chiefly used as a cushion for the shoulders in conjunction with backpacks and was also an item of sports equipment.

For the reasons expressed above, the court concludes that all these importations are designed and chiefly used in the sport of backpacking and should have been classified as sports equipment under item 735.20.

Judgment will enter accordingly.

4. The 578–G Ridge Runner Bag; 579–B Trail King Bag, 584 Crestline Bag, 586–B Pathfinder Bag and 588–B Cougar Bag (represented by the 588–E, Ecology Bag).

5. The 561 Overnight Bag, 562 Mini-Ruck and 563 Hiker Rucksack.

6. The 871 Belt Pouch.

7. The 565 Fanny Bag.

8. The 869 Stuff Bag.

9. See *Newman Importing Co. Inc. v. United States*, 76 Cust.Ct. 143, C.D. 4648 (1976).