**CAMEL MANUFACTURING CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 77–7–01147.

United States Court of International Trade.

May 18, 1988.

Stein, Shostak, Shostak & O'Hara, Robert Glenn White, Los Angeles, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Veronica A. Perry, Civil Div., Commercial Litigation Branch, U.S. Dept. of Justice, New York City, for defendant.

## OPINION

WATSON, Judge:

This action takes the court back into the great outdoors to decide whether certain imported nylon tents should have been classified as sports equipment under Item 735.-20 of the Tariff Schedules of the United States, rather than as textile articles not specially provided for under Item 389.60.

At stake for plaintiff is the difference in customs duty between the duty of 10% ad valorem under the claimed provision of sports equipment and the duty of 25 cents per pound, plus 15% ad valorem under the classified provision.

The tents in question are designed to hold approximately 5 to 9 persons, weigh approximately twenty-nine to thirty-three pounds (after each tent and carrying bag are combined with the stakes and frames with which they are sold), have floor sizes ranging from eight feet by ten feet to ten feet by fourteen feet, and, in their carrying size, are approximately 50 inches long. There is no dispute that these tents are used as shelter by people who wish to camp outdoors, either purely for that purpose, or for the purpose of engaging in a wide range of outdoor activities such as fishing, hunting and canoeing.

The basic question before the court is whether or not the activity in which the tents are used, which we shall call by the name of "camping out" is a sport, which would then lead to the conclusion that these tents are sporting equipment.

In a previous opinion, *The Newman Importing Co., Inc. v. United States*, 76 Cust.Ct. 143, C.D. 4648, 415 F.Supp. 375 (1976) this court decided that certain light tents used in backpacking were sports equipment because the activity of backpacking was found to be a sport. In this action, the court was given a generous range of opinions regarding what it is that makes an activity a sport. Seven witnesses testified on behalf of the plaintiff and two witnesses testified on behalf of the defendant. The witnesses had a wide range of familiarity with the use and manufacture of tents. Although these opinions were extremely interesting, the fact remains that in the end the question of defining the term "sporting equipment" is really one of legal interpretation for the court.

The rationale used in the *Newman Importing* case *supra* will not suffice here because these tents are not suitable for backpacking. The court finds that these tents are too heavy for that particular activity and, in fact, are generally used by persons who are camping in the outdoors and are not subject to strict limitations of weight in the tenting equipment which they can take with them. In the absence of persuasive proof regarding any special attributes of these tents which may contribute to their use in backpacking, the court finds it quite reasonable for the Customs Service to have excluded them from the category of backpacking tents on the basis of their weight and carrying size.

The basic question before the court is whether the general activity of camping out, i.e., taking up temporary residence in the outdoors, is a sport within the meaning of the Tariff Schedules.

The court is unable to expand its view of the term "sports" to include the activity of camping out. To do so would require a definition of the term so loose that it would cover almost any purposeful activity engaged in by humans in a natural setting. If it were simply a question of whether an activity had a certain degree of challenge and skill then the activity of gardening, which has in it a good measure of challenge, skill and struggle and offers in innumerable ways the "joy of victory and agony of defeat," would also have to be considered a sport. This tells us that as a matter of simple logic and meaning, it does not appear that the term "sport" can be carried past the point which was expressed in the *Newman* case.

The court was impressed by the testimony of Ms. Yvonne Tomenga, a national import specialist with the Customs Service, who has responsibility for the sports equipment provision. Ms. Tomenga opined that "sport" was an activity in which a progressive level of skill is recognized and for which a certain recognized methodology of

**914**

practice exists. Although the court does not find it necessary to be precise as to how established or widespread the recognition of skill and methodology has to be in order for an activity to be a sport, this is a meaningful approach to the question.

The overwhelming weight of the testimony in this case was that the purpose of using these tents is either to establish a base for the simple enjoyment of the outdoors or to pursue other activities more commonly recognized as sports. Although the court remains as firmly convinced as ever of the desirability of encouraging human beings to retain the skills needed to function in the natural outdoor environment, it cannot honestly say that the simple routine of setting up temporary quarters in the outdoors has the characteristics of a sport. The decision in *Newman* was written with the purpose of preventing a superficial standard of interpersonal competition from becoming the identifying essence of sports. It did so by focusing on the individual challenge and skill contained in the activity of backpacking. However, this does not mean that all activity which present a challenge and require a skill can be recognized as sporting activity. The application of this evolving standard to specific situations will have to await the fuller analysis of each particular activity. For the moment, it is sufficient to say that camping out in nature, by itself, does not possess to a sufficient degree the attributes which make an activity a sport. It follows that these tents are not "sports equipment" within the meaning of the tariff law.

For the reasons given above, it is the opinion of the court that plaintiff's claim for classification must be denied and judgment must issue dismissing that claim.