**CAMEL MANUFACTURING COMPANY, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 88–1453.

United States Court of Appeals, Federal Circuit.

Nov. 22, 1988.

Robert Glenn White, Stein Shostak Shostak & O'Hara, Los Angeles, Cal., argued, for plaintiff-appellant.

Joseph I. Liebman, International Trade Field Office, Dept. of Justice, New York City, argued, for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen. and David M. Cohen, Director.

Before RICH, NIES, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The judgment of the United States Court of International Trade, *see* 686 F.Supp. 912 (1988), sustaining the United States Customs Service's (Customs) classification of certain imported nylon tents under item 389.60 of Schedule 3, Part 7, Subpart B of the Tariff Schedules of the United States (TSUS), is affirmed.

OPINION

The tents at issue, imported by Camel Manufacturing Company (Camel), are designed to hold approximately five to nine campers and "have floor sizes ranging from eight feet by ten feet to ten feet by fourteen feet...." *Camel*, 686 F.Supp. at 913. Customs classified the imported tents as "articles, of textile materials, not covered elsewhere in the Tariff Schedules" under item 389.60, TSUS. Because the tents are designed for use in general camping and in conjunction with a variety of outdoor sporting activities, Camel contends that the tents are properly classified as sports equipment under item 735.20 of Schedule 7, Part 5, Subpart D of the TSUS. We reject Camel's contention and adopt the following reasoning of the trial court:

The court is unable to expand its view of the term "sports" to include the activity of camping out. To do so would require a definition of the term so loose that it would cover almost any purposeful activity engaged in by humans in a natural setting.

....

The overwhelming weight of the testimony in this case was that the purpose of using these tents is either to establish a base for the simple enjoyment of the outdoors or to pursue other activities more commonly recognized as sports.... For the moment, it is sufficient to say that camping out in nature, by itself, does not possess to a sufficient degree the attributes which make an activity a sport. It follows that these tents are not "sports equipment" within the meaning of the tariff law.

*Camel*, 686 F.Supp. at 913–14.

AFFIRMED.